UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

IN RE:

Dennis Manuel,

DEBTOR(s).

-------------------------------------------------------X

Chapter 13

Case No.: 17-

**CHAPTER 13 PLAN**

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee for a total of 60 months, the sum of:

   $45.50 commencing December, 2017 through and including November, 2022 for a total of sixty (60) months.

2. From the payments so received, the trustee shall make disbursements as follows:

   (a) Full payment in deferred cash payments of all claims that are entitled to priority under 11 U.S.C. Sec. 507.

   (b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

   DiTech – Holder of first mortgage on the property known as 224 Bergen Street, Brooklyn, New York 11217 (acct ending in 4980) to be paid a principal balance of $365,133.46 over 40 years at 3% interest for $1,307.12 plus taxes and insurance in the amount of $2,657.41 for a total payment of $3,964.53 to the Chapter 13 Trustee during Loss Mitigation until such time as a modification agreement can be reached and payments can be made directly to DiTech.

   Instant Funding, LLC – Holder of second mortgage on the property known as 224 Bergen Street, Brooklyn, New York 11217 (acct ending in ____), to be paid directly a total principal balance of $494,740.84 over 40 years at 3% interest for a total payment of $1,771.10 including principal and interest.

   (c) Subsequent and/or concurrently with distribution to secured, priority and administrative creditors, dividends to unsecured creditors whose claims are duly allowed as follows: **PRO RATA distribution to all timely filed proof of claim of not less than 100% (percent).**

3. The debtor shall make all post-petition payments, including mortgage, real estate taxes and income taxes to the second mortgage holder, outside the plan.

4. All lease agreements are hereby assumed, unless specifically rejected as follows:

   None

5. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c), <u>less than one hundred percent (100%)</u>, the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are to be filed.

6. Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, <u>unless otherwise provided in the Order confirming the plan</u>. Throughout the life of this plan, the debtor(s) will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.

<u>s/DENNIS MANUEL</u>

Debtor


<u>s/KIVA JAMES, ESQ., PLLC</u>

Attorney for Debtor


Dated: November 15, 2017