| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------------------X<br><br>IN RE:<br><br>    Dennis Manuel dba<br>    224 Bergen Bond Nevins Corp,<br><br><br><br><br>                       Debtor.<br>---------------------------------------------------------X | **HEARING DATE:**   **January 10, 2018**<br>**HEARING TIME:**   **3:00 P.M.**<br><br>CHAPTER 13<br><br>CASE NO. 1-17-46069-NHL<br><br><br>Assigned to:<br>Hon. Nancy Hershey Lord<br>Bankruptcy Judge |

### NOTICE OF MOTION AND AFFIRMATION IN SUPPORT OF AN ORDER CONFIRMING THE AUTOMATIC STAY TERMINATED PURSUANT TO 11 U.S.C. 362(d)(4)(B) AND CONFIRM FORECLOSURE SALE NUNC PRO TUNC AND THAT THE INSTANT BANKRUPTCY FILING DID NOT OPERATE AS A STAY

**S I R S:**

    **PLEASE TAKE NOTICE**, that upon the Affirmation of Pranali Datta, Esq., attorney for Instant Funding, LLC, a secured creditor herein, dated November 27, 2017, a motion will be made to this Court before the Hon. Nancy Hershey Lord, Judge of the United States Bankruptcy Court, at 271 Cadman Plaza East, Courtroom No. 3577, Brooklyn, New York, 11201, on the 10$^h$ day of January, 2018, at 3:00 P.M. o'clock in the afternoon of that day or as soon thereafter as counsel can be heard for entry of an Order;

    1. Confirming the Automatic Stay Terminated, pursuant to 11 U.S.C. 362(d)(4)(B) and to ratify and confirm the foreclosure sale **nunc pro tunc** and that the instant Bankruptcy filing did not operate as a stay, thereby removing any legal impediment to the foreclosure sale held on November 16, 2017 of the premises 224 Bergen Street, Brooklyn, NY 11217, and for such other and further relief as to the Court may seem just and proper.

PLEASE TAKE FURTHER NOTICE that answering and opposing papers, if any, must be served upon the Court and the undersigned no later than seven (7) days before the return date of this Motion.

Dated: Carle Place, New York
November 28, 2017

STEIN, WIENER & ROTH, L.L.P.

BY: PRANALI DATTA, ESQ. (pd 5591)
Attorneys for Instant Funding, LLC
Office & P.O. Address
One Old Country Road, Suite 113
Carle Place, New York 11514
(516) 742-1212

TO:

Marianne DeRosa, Esq.
Trustee
125 Jericho Tpke, Suite 105
Jericho, NY 11753

Kiva Vera James, Esq.
Debtor's Attorney
344 Ave U, Suite 628
Brooklyn, NY 11233

Dennis Manuel dba 224 Bergen Bond Nevins Corp
Debtor
224 Bergen Street
Brooklyn, NY 11217

U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   CHAPTER 13

IN RE:                                                          CASE NO. 1-17-46069-NHL

    Dennis Manuel dba
    224 Bergen Bond Nevins Corp,          AFFIRMATION IN SUPPORT OF AN
                                          ORDER CONFIRMING THE
                                          AUTOMATIC STAY TERMINATED
                                          PURSUANT TO 11 U.S.C. 362(d)(4)(B)
                                          AND CONFIRM FORECLOSURE SALE
                                          NUNC PRO TUNC AND THAT THE
                                          INSTANT BANKRUPTCY FILING DID
                                          NOT OPERATE AS A STAY

                              Debtor.
------------------------------------------------------------X

    PRANALI DATTA, the undersigned, an attorney duly licensed to practice law in the State of New York and admitted to practice before the courts in the Eastern District of New York, affirms the following under the penalty of perjury:

    1.    That I am an associate of the firm of STEIN, WIENER & ROTH, L.L.P., the attorneys for Instant Funding, LLC, a Secured Creditor of the property located at 224 Bergen Street, Brooklyn, NY 11217, and the movant (the "Movant") herein and I am fully familiar with the facts and circumstances of this case. Please note that we seek an Order Confirming the Automatic Stay Terminated, Pursuant to 11 U.S.C. 362(d)(4)(B) and to ratify and confirm the foreclosure sale **nunc pro tunc** and that the instant Bankruptcy filing did not operate as a stay, thereby removing any legal impediment to the foreclosure sale held on November 16, 2017 with regard to property located at 224 Bergen Street, Brooklyn, NY 11217 and upon the granting of said Order, any such other and further relief as to the Court may seem just and proper.

    2.    Instant Funding, LLC is the holder of a first note and mortgage secured by the Debtor's property located at 224 Bergen Street, Brooklyn, NY 11217. Exhibit "A".

    3.    This Affirmation is submitted in support seeking the entry of the annexed proposed order declaring that the automatic stay did not go into effect at the moment of filing of this current instant Chapter 13

Bankruptcy Case filing, as this filing by Dennis Manuel dba 224 Bergen Bond Nevins Corp (the "Debtor") filed after Instant Funding LLC had already obtained In Rem Relief in Bankruptcy Case No. 17-43546-NHL.

4. The Debtor defaulted under the terms of the note and mortgage by failure to repay monies advanced on **October 15, 2005**. Due to Dennis Manuel's default under the terms of the note and mortgage, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Kings, on September 10, 2013, by the filing of a Lis Pendens, together with the original Summons and Complaint. A Judgment of Foreclosure and Sale (herein after "JFS") was subsequently granted on October 28, 2015 and entered on January 14, 2016, Exhibit "B."

## OBTAINING RELIEF FROM AUTOMATIC STAY WITH PREJUDICE

5. The Debtor had continuously delayed the foreclosure with a myriad of schemes and Bankruptcy filings. This office sought remedy by filing a Motion for Relief from Automatic Stay with Prejudice (thereafter "In Rem Motion"), seeking In-Rem Relief pursuant to 11 U.S.C. 362(d)(4)(B), in Chapter 7 Case No. 17-43546-NHL, filed on August 8, 2017. See filed Motion for Relief from Stay with Prejudice annexed hereto as Exhibit "C."

6. The court granted In-Rem Relief from the Automatic Stay by order signed on October 9, 2017. Exhibit "D." The In-Rem Order, though not yet recorded, was signed with the purpose of preventing future bankruptcy filings operating as a stay of the foreclosure auction of the subject premises. Nevertheless, despite that Order, this firm has been contacted by individuals claiming to act on Debtor's behalf, and claiming that because the Order has not yet been recorded, the within filing operated as a stay of the foreclosure auction. It is respectfully asserted that the debtor's position is misguided. The purpose of recording the Order prior to the sale was to provide notice to third parties of the In-Rem Relief. The Debtor, who was a party to those prior proceedings, cannot claim that he was somehow prejudiced as a result, or that he should be protected by the automatic stay.

## ARGUMENT

### A. The Automatic Stay is not in effect

7. Section (d)(4)(B) provides in pertinent part:

> With respect to a stay of an act against real property . . . if the court find that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved. . . multiple bankruptcy filings such affecting such real property . . . the stay shall not go into effect upon the filing of the later case.

8. Upon the request of a party in interest, "the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of the entity in property, if such interest will suffer such damage before there is an opportunity for notice and a haring under subsection (d) or (e) of this section." 11 U.S.C. § 362 (f). Furthermore upon the request of a party in interest, "the court, shall issue an order under subsection (c) confirming that the automatic stay has been terminated." 11 U.S.C. § 362(j).

## PROCEDURAL HISTORY

9. On March 17, 2016, the morning of the first scheduled foreclosure auction, Dennis Manuel filed his first bankruptcy, a Chapter 13 Bankruptcy case filing under Case No. 16-41073-CEC, staying the foreclosure sale. The case was dismissed due to Debtor's Motion of Voluntary Dismissal, on June 24, 2016, and subsequently terminated on July 7, 2016. It should be noted that the filing was deficient as the pro se, debtor failed to file a complete petition, all schedules and failed to appear at the 341 Meeting of Creditors. See attached PACER and Dismissal Order as Exhibit "E."

10. As detailed in the aforementioned In Rem Motion, after termination of the initial Bankruptcy filing, a foreclosure sale was subsequently scheduled for August 25, 2016 at 2:30 PM. However, on the eve of that auction, the Debtor filed an Order to Show Cause in State Supreme Court seeking to vacate the Judgment of Foreclosure and Sale and dismiss the complaint. The state court granted a Temporary Restraining Order, and as a result, the scheduled auction scheduled for August 25, 2016 was cancelled. After opposition was filed by this

office, and after due deliberation, the Debtor withdrew the Order to Show Cause, waived defense of personal jurisdiction, acknowledged the Judgment of Foreclosure and Sale, and waived defenses which resulted in the parties stipulating that a sale could not be scheduled until October 1, 2017. Stipulation annexed as Exhibit "F."

11. In the interim, the Debtor, transferred ownership by deeding the subject premises to 224 Bergen Bond Nevins Corp. Upon information and belief, 224 Bergen Bond Nevins Corp is a fictitious corporation of which Dennis Manuel, is an Officer said corporation.

12. In a further attempt to delay the foreclosure proceeding, the "new" owner, 224 Bergen Bond Nevins Corp, filed a Chapter 7 Bankruptcy Petition (the second Bankruptcy filing) under Case No. 17-43546-NHL on July 10, 2017. Exhibit "G." That filing was also deficient. As previously stated, due to the Debtor's continuous delay tactics of the foreclosure sale and abuse of the Bankruptcy code, an In Rem Motion was brought, and granted by the court. It should be noted that this filing remains, active.

13. After the issuance of the In Rem Relief Order, a foreclosure auction was scheduled for November 16, 2017.

14. However, on November 15, 2017, the Debtor filed the within (third overall) and current instant Bankruptcy Petition under Case No. 17-46069-NHL. Exhibit "H."

15. Pursuant to the terms of the In Rem Relief Order, the sale proceeded on November 16, 2017, with the successful bid by the third party purchaser, Casey J. Scheir. See Notice of Sale and Terms of Sale annexed hereto as Exhibit "I."

16. As previously stated, since the court granted In-Rem Relief from the Automatic Stay by order signed on October 9, 2017 the auction was held on November 16, 2017. Although the In-Rem Order was not recorded, the fact that it has not yet been recorded should not permit debtor to claim that the stay was in effect, nor should he be allowed to use the instant bankruptcy as a mechanism to further delay and hinder the foreclosure. The provision regarding recording the order was to simply give notice to third parties of the In-

Rem Relief. The debtor himself was fully aware of that Order, was a party to the motion granting same, and cannot claim any prejudice. The movant therefore requests an order confirming the absence of the Automatic Stay and to ratify the foreclosure sale **nunc pro tunc**.

## VACATING THE AUTOMATIC STAY NUNC PRO TUNC

17. On motion of any party in interest, a judge may terminate the automatic stay or grant appropriate relief to protect the right of the moving party. See In re Sonnax Industries, Inc., 907 F.2d 1280. It is within this Court's discretion to lift the stay **nunc pro tunc** and allow Instant Funding LLC to proceed. "The decision to lift the stay is committed to the Court's discretion." In re New York Medical Group, P.C., 265 B.R. 408, 413, (Bankr. S.D.N.Y. 2001); citing to: In re Sonnax Industries, Inc., infra at 1286 (2nd Cir. 1990); see also: In re Boodrow, 126 F.3d 43, 47 (2nd Cir. 1997).

18. The automatic stay imposed by §362(a) of the United States Bankruptcy Code (hereinafter the "Code") is intended to protect the debtor from its creditors and to provide for the orderly administration of the debtor's estate. In re J.J. & K. Co., 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993); citing to: In re Ionosphere Clubs, Inc., 105 B.R. 762, 771 (Bankr. S.D.N.Y 1989), rev'd in part on other grounds, 922 F.2d 984 (2d Cir. 1991). The stay may, however, be lifted "for cause" if shown by a party in interest. See: 11 U.S.C. §362(d)(1).

19. The Code does not specifically define "for cause" but does state that "cause" does include a lack of adequate protection of an interest in the property of a party in interest. See: 11 U.S.C. §362(d)(1). Although lack of adequate protection is one cause for relief from the automatic stay, it is not the only cause for relief. In re Sonnax Industries, Inc., supra at 1286 citing S. Rep. No. 989, 95th Cong., 2d Sess. 52, reprinted in 1987 U.S. Code Cong. & Admin. News 5787, 5838.

20. The failure of the Code to specifically define "for cause" leads to the conclusion that "cause" under the Code should be determined on a case by case basis. In re Tuscon Estates, Inc., 912 F.2d 1162 (9th Cir. 1990). In re Mac Donald, 755 F.2d 715, 717 (9th Cir. 1985). "The determination of cause is one that necessarily requires the exercise of judicial judgment and involves mixed questions of fact and law." In re

Curtis, 40 B.R. 795, 803 (Bkrpt. 1984). "The facts of each request will determine whether relief is appropriate under the circumstances." H.R.Rep. No. 595, 95th Congl, 2d Sess. 343-44, reprinted in 1978 U.S. Code Cong. & Admin. News 6300.

21. The movant has the initial burden of proving that "cause" exists to lift the automatic stay. In re New York Medical Group. P.C., supra at 413 citing to In re Mazzeo, 167 F.3d 139, 142 (2nd Cir.1999). However, once the Movant satisfies the initial burden, "[t]he party opposing stay relief has the ultimate burden of disproving the existence of 'cause'", In re New York Medical Group, P.C., supra citing to 11 U.S.C. 362 (g)(2); see also: In re Elmira Litho, Inc., 174 B.R. 892 (Bankr. S.D.N.Y. 1994).

22. Retroactive relief from the automatic stay may be warranted when the balance of equities favors such action, including the Debtor's inaction and subsequent reliance by the creditor and purchaser. In Re Christian, 231 B.R. 288 (N.D. Ill. 1999).

## RELIEF REQUESTED

23. The Movant now seeks to confirm that the automatic stay was not in effect as of the date of the Chapter 13 Case Filing on November 15, 2017 and to validate and confirm that the foreclosure auction conducted on November 16, 2017 was not in violation of the automatic stay.

24. "Cause" exists to confirming the absence of the automatic stay nunc pro tunc. The Movant, as well as the Plaintiff would be prejudiced should this relief not be granted because upon information and belief, as no equity exists in the premises.

25. Upon information and belief, the only parties who are entitled to notice of these proceedings are debtor Dennis Manuel dba 224 Bergen Bond Nevins Corp, the U.S. Trustee and the Chapter 13 Trustee.

**WHEREFORE**, for all the foregoing reasons, it is respectfully requested that under all the facts and circumstances in this case, an order be made as follows:

(a) Ratifying and confirming the foreclosure sale stay <u>nunc</u> <u>pro</u> <u>tunc</u> to the date of the Chapter 13 Case Filing; and

(b) Confirming that this instant Bankruptcy filing did not operate as a stay; and

(c) Confirming the absence of the Automatic Stay, Pursuant to 11 U.S.C. 362(d)(4)(B) together, with such other and further relief as the Court deem just, proper and equitable.

Dated: Carle Place, New York
November 28, 2017

_____
PRANALI DATTA, ESQ. (pd 5591)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X           CHAPTER 13

IN RE:                                                                                  CASE NO. 1-17-46069-NHL

    Dennis Manuel dba 224
    Bergen Bond Nevins Corp,

                                   Debtor.
------------------------------------------------------------X

===============================================================

**NOTICE OF MOTION AND AFFIRMATION IN SUPPORT OF AN ORDER CONFIRMING THE AUTOMATIC STAY TERMINATED PURSUANT TO 11 U.S.C. 362(d)(4)(b) AND CONFIRM FORECLOSURE SALE NUNC PRO TUNC AND THAT THE INSTANT BANKRUPTCY FILING DID NOT OPERATE AS A STAY**

===============================================================

                                             STEIN, WIENER & ROTH, L.L.P.
                                             Attorneys for Instant Funding, LLC
                                             Office & P.O. Address
                                             One Old Country Road, Suite 113
                                             Carle Place, New York 11514
                                             (516) 742-1212
                                             60346/2LSG